SUPREME JUDICIAL COURT 
 
 AIMEE BODGE[1] & others[2] vs. COMMONWEALTH & others[3]

 
 Docket:
 SJC-13567
 
 
 Dates:
 May 6, 2024 - September 13, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, & Wolohojian, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Family & Medical Leave Act. Employment, Employee benefit plan. Statute, Construction. Practice, Civil, Motion to dismiss. State Police.
 
 

       Civil action commenced in the Superior
Court Department on March 10, 2022.
      A motion to dismiss was heard by Robert L.
Ullmann, J., and the case was reported by him to the Appeals Court.
      The Supreme Judicial Court on its own
initiative transferred the case from the Appeals Court.
      Samuel Davis for the plaintiffs.
      Anne M. McLaughlin, Assistant Attorney
General, for the defendants.
      BUDD, C.J. 
General Laws c. 175M, the Paid Family and Medical Leave Act (PFMLA or
act), enables eligible employees to take paid leave to, among other things,
bond with their child during the first year after the child's birth, adoption,
or placement in foster care.  The
plaintiffs, all State troopers, brought suit against the Commonwealth and the
heads of the State Police and the State Board of Retirement, claiming that the
defendants' policy of denying the accrual of benefits, including seniority,
length-of-service credit, and vacation and sick time while on PFMLA leave, was
a violation of the act.  In addition, the
plaintiffs claimed the policy discriminated against female employees in
violation of G. L. c. 151B, § 4, and G. L. c. 93,
§ 102.  A Superior Court judge
dismissed so much of the complaint alleging violations of the PFMLA.  For the reasons explained infra, we affirm.  
      Background.  In reviewing the allowance of a motion to
dismiss, we "accept as true the allegations in the complaint and draw
every reasonable inference in favor of the plaintiff."  Heath-Latson v. Styller, 487 Mass. 581, 584
n.8 (2021).  Since 2019, the PFMLA has
permitted an eligible employee to take leave to bond with his or her child
during the first year after the child's birth, adoption, or placement in foster
care; arising out of a family member's covered active duty in the armed forces;
or to care for a sick family member.  See
St. 2018, c. 121, §§ 29 (inserting G. L. c. 175M), 37 (effective
date).  Each of the plaintiffs sought to
take leave in connection with the birth of a child.  The defendants informed the plaintiffs that
if they took leave under the PFMLA, they would lose their seniority[4] and
would not accrue vacation and sick time, or length-of-service credit while on
leave.  As a result of these policies, a
number of plaintiffs took advantage of other leave options instead, or decided
not to take leave at all.  Although the
policy divesting troopers of their seniority ended in February 2022,[5] the
policy of denying accrual of vacation time, sick time, and length-of-service
credit during leave remained in place. 
      On March 10, 2022, the plaintiffs
commenced this action, alleging, among other claims, that denying their right
to accrue employment benefits while on leave violates the PFMLA.  The defendants thereafter filed a motion to
dismiss.  The motion judge allowed the
defendants' motion, concluding that the act does not guarantee the accrual of
benefits during PFMLA leave.  However,
the judge stayed the proceedings and allowed the plaintiffs' motion to report
the order to the Appeals Court pursuant to Mass. R. Civ. P. 64 (a), as amended,
423 Mass. 1403 (1996), seeking clarification on the interpretation of the act.[6]  We transferred the matter to this court sua
sponte.   
      Discussion.  Whether the PFMLA requires that certain
benefits accrue while employees are on leave is a question of statutory
interpretation that we review de novo. 
See Arias-Villano v. Chang & Sons Enters., Inc., 481 Mass. 625, 627
(2019).  "Our analysis begins with
the plain language of the statute, which is the 'principal source of insight
into legislative intent'" (citation omitted).  Tze-Kit Mui v. Massachusetts Port Auth., 478
Mass. 710, 712 (2018).  
      Section 2 (e) of the PFMLA guarantees that
"[a]n employee who has taken family or medical leave shall be restored to
the employee's previous position or to an equivalent position, with the same
status, pay, employment benefits,[7] length-of-service credit and seniority as
of the date of leave."  G. L. c.
175M, § 2 (e) (§ 2 [e]). 
Simply put, when an employee returns from PFMLA leave, he or she is to be
put back in the same (or equivalent) position as when he or she left, with no
loss of accrued length-of-service credit and vacation and sick time.  
      Despite the plain language of § 2
(e), the plaintiffs contend that the subsection that follows, G. L.
c. 175M, § 2 (f) (§ 2 [f]), provides for the continued accrual
of length-of-service credit and vacation and sick time to employees while on
PFMLA leave.  It states:  
"The taking
of family or medical leave shall not affect an employee's right to accrue
vacation time, sick leave, bonuses, advancement, seniority, length-of-service
credit or other employment benefits, plans or programs.  During the duration of an employee's family
or medical leave, the employer shall provide for, contribute to or otherwise
maintain the employee's employment-related health insurance benefits, if any,
at the level and under the conditions coverage would have been provided if the
employee had continued working continuously for the duration of such
leave."
G. L. c. 175M, § 2
(f).  The plaintiffs point to the first
sentence of the provision to argue that § 2 (f) entitles employees to
continue to accrue benefits while on leave because taking leave "does not
affect" the employee's previously held right to accrue those benefits.  
      However, the first sentence of § 2
(f) does not confer accrual rights. 
Instead, it ensures that any such rights that the employee already has
are "not affect[ed]" while the employee is on leave.  Had the Legislature intended for employees to
continue to accrue seniority, length-of-service credit, and sick and vacation
time during their leave, it specifically would have provided for it.  See Fernandes v. Attleboro Hous. Auth., 470
Mass. 117, 129 (2014) ("It is well established that we do not read into
[a] statute a provision which the Legislature did not see fit to put there
. . ." [citation and quotations omitted]).  See, e.g., G. L. c. 176G, § 5
("interest on such benefits . . . shall accrue").  
      The second sentence of § 2 (f)
supports our interpretation.  It
specifies that employees do continue to benefit from health insurance during
PFMLA leave, thereby drawing a distinction between health insurance benefits
and all other benefits.  See Arthur D.
Little, Inc. v. Commissioner of Health & Hosps. of Cambridge, 395 Mass.
535, 541 (1985) ("[W]here the Legislature has employed specific language
in one [portion of a statute], but not in another, the language should not be
implied where it is not present" [citation omitted]).  
      Moreover, the plaintiffs' reading of
§ 2 (f) is at odds with § 2 (e). 
See Chin v. Merriot, 470 Mass. 527, 532 (2015) (to ascertain legislative
intent, we may "consider . . . other sections of the statute
. . . and examine the pertinent language in the context of the entire
statute").  Section 2 (e) makes
clear that the level of benefits remains unchanged during PFMLA leave.  That is, an employee returning from leave
receives no less (and no more) of each enumerated benefit than what he or she
had at the start of the leave.  Under the
plaintiffs' reading of § 2 (f), employees would accrue vacation and
sick time while on leave and, thus, would return from leave with more accrued
time than when they began.  We decline to
adopt an interpretation that creates an internal contradiction.  See DiFiore v. American Airlines, Inc., 454
Mass. 486, 491 (2009) (we read subsections of statutes "in harmony with
another, recognizing that the Legislature did not intend internal contradiction").  
      The plaintiffs make a number of additional
arguments, which we address briefly. 
First, the plaintiffs argue that the PFMLA regulation subverts
legislative intent by improperly inserting a "temporal restriction"
–- "upon reinstatement" and "previously held" -- around the
accrual of benefits that does not appear in the statute.  The regulation at issue states, in part:
"Upon
reinstatement, taking family or medical leave under [G. L. c. 175M] shall not
affect an employee's previously held right to accrue vacation time, sick leave,
bonuses, advancement, seniority, length-of-service credit or other employment
benefits, plans or programs.  Leave
periods under [G. L. c. 175M] need not be treated as credited service for
purposes of benefit accrual, vesting and eligibility to participate."  
458 Code Mass.
Regs. § 2.16(1) (2023).  Because, in our
view, the regulation is in line with our interpretation of the act, we reject
this argument.  See Buckman v.
Commissioner of Correction, 484 Mass. 14, 24 (2020) ("we look first to the
language of the statute, and where it speaks clearly on the topic in the
regulation, we determine whether the regulation is consistent with or contrary
to the statute's plain language").
      The plaintiffs also argue our
interpretation contravenes G. L. c. 175M, § 9 (c), which provides
that, while on leave, "[a]ny negative change in the seniority, status,
employment benefits, pay or other terms or conditions of employment . . . shall
be presumed to be retaliation."  We
do not consider the temporary pausing of benefit accrual during leave as a
"negative change" in an employee's benefits.  Cf. MacCormack v. Boston Edison Co., 423
Mass. 652, 663 (1996) (retaliation claim rejected where plaintiff failed to
show material "disadvantage[] . . . in respect to salary, grade, or other
objective terms and conditions of employment"); Gu v. Boston Police Dep't,
312 F.3d 6, 14 (1st Cir. 2002) ("Material changes include 'demotions,
disadvantageous transfers or assignments, refusals to promote, unwarranted
negative job evaluations, and toleration of harassment by other
employees'" [citation omitted]).
      Finally, we are unpersuaded by the
plaintiffs' claim that our interpretation contravenes G. L. c. 175M, § 8
(h), which requires that the PFMLA be "liberally construed," with
"[a]ll presumptions . . . made in favor of the availability of
leave and the payment of family and medical leave benefits."  Our reading of the PFMLA does not prevent
employers from offering the accrual of benefits during leave; we simply
conclude that they are not required to do so under the act.  
      Conclusion.  As the plain language of the G. L.
c. 175M does not require an employer to guarantee the accrual of vacation
and sick time during an employee's PFMLA leave, we affirm the order dismissing
so much of the plaintiff's complaint as alleged violations of the PFMLA, and we
remand for further proceedings consistent with this opinion.  
So ordered.  
 
footnotes
 
[1] On behalf of
herself and all others similarly situated.
 
[2] Joao
Christian Barros, Hanna Chamberland, Katie Lorenco, Cynthia Pham, and Serena
Trodella, on behalf of themselves and all others similarly situated.
 
[3] Colonel of
the State Police and Executive Director of the State Board of Retirement.
 
[4] For the
plaintiffs, seniority affected the likelihood that their requests for preferred
work locations, schedules, and vacation time would be granted.  
 
[5] Because the
policy of divesting troopers of their seniority during PFMLA leave has been
discontinued, we consider only whether the act requires employers to offer
accrual of vacation time, sick time, and length-of-service credit while
troopers are on leave.  
 
[6] The judge
posed the following question:  "Does
[§ 2 (f)] of the Paid Family and Medical Leave Act, G. L. c. 175M,
§§ 1-11, provide that state employees covered by the Act shall accrue
seniority, length-of-service credit, vacation time and sick time while they are
on family or medical leave?"  
 
[7] The PFMLA
defines the term "employment benefits" as "all benefits . . .
including, but not limited to, group life insurance, health insurance,
disability insurance, sick leave, annual or vacation leave, educational
benefits and pensions."  G. L. c.
175M, § 1.  Therefore, relevant for
the purpose of this opinion, § 2 (e) covers sick leave, vacation leave,
and length-of-service credit.